Elliot M. Elo, Esq.
The Law Office of Elliot M. Elo, Esq. PLLC
42 West 48th Street, 2nd Floor
New York, NY, 10036
Tel: (212) 302-1257
*Attorney for Plaintiff Pedro Rosario*
*on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO ROSARIO, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| AMSHER COLLECTION SERVICES, INC. | |
| Defendant. | |
| | Jury Trial: ☒ Yes  ☐ No |

## INTRODUCTION

COMES NOW the Plaintiff, by and through counsel, in the above-styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

COMPLAINT FOR A CIVIL CASE - 1

1. This is a civil action for actual and statutory damages and costs brought by Pedro Rosario (hereinafter "Plaintiff"), an individual consumer, against the Defendant, Amsher Collection Services, Inc. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in their attempts to collect alleged debts from Plaintiff and others similarly situated.

2. The Fair Debt Collection Practices Act (hereinafter "FDCPA") has existed since 1977 to prevent abusive practices in collecting consumer debts. Regulation F was introduced much later to refine and enforce these practices further.

While the FDCPA provides the foundation for consumer protections related to debt collection, it has some limitations. For instance, it does not include extensive provisions for new modes of communication, like electronic mail (from now on, "email") or social media.

Regulation F was introduced by the Consumer Financial Protection Bureau (CFPB) as an updated set of rules that supplement and detail requirements under the FDCPA. It aims to adapt to technological advances' changes in the way debtors and collectors communicate and provide clear rules that prevent legal ambiguity.

The purpose of Regulation F is not to replace the FDCPA but to fortify and modernize it. It gives consumers more clarity and agency when interacting with debt collectors while allowing the collection industry to operate effectively.

**Regulation F § 1006.14 Harassing, Oppressive, or abusive conduct.**

(h) Prohibited communication media— (1) In general. In connection with

When collecting any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person.

**15 U.S.C § 1692c Communication in connection with debt collection**

(a) Communication with the consumer generally Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), and 28 U.S.C. § 1331. The venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to the Plaintiff's claim occurred in this judicial district. Defendant transacts business in New York, NY.

**PARTIES**

4. Plaintiff Pedro Rosario is a natural person and consumer as defined by 15 U.S.C. § 1692a(3), residing in New York, NY.

5. Upon information and belief, Defendant Amsher Collection Services, Inc. is an Alabama corporation whose principal place of business is 4524 Southlake Parkway, Suite 15, Birmingham, AL 35244.

6. Defendant Amsher Collection Services, Inc.., is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and is engaged in collecting consumer debts.

7. The acts of Defendant as described in this complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and employees.

## **FACTUAL ALLEGATIONS**

8. On or about April 29, 2024, Plaintiff sent a letter to Defendant via USPS certified mail #7022 2410 0000 7524 1924.

9. In the letter, Plaintiff disputed the alleged debt owed to T Mobile for $2259.

10. Also, in the letter, Plaintiff requested only to be contacted via email, notifying Defendant that letters to his physical address are inconvenient.

11. According to the USPS Electronic Delivery Confirmation, the Defendant received the letter sent by the plaintiff on May 8, 2024.

12. Defendant sent a letter to Plaintiff's address in an attempt to collect a debt despite knowing that this was an inconvenient place for communication.

13. By sending letters to Plaintiff, despite a clear directive prohibiting such a medium of communication for debt collection purposes, Defendant has blatantly contravened 15 U.S.C 1692d and Regulation F § 1006.14(h)(1). This regulation explicitly forbids debt collectors from communicating through mediums expressly forbidden by individuals. Defendant's actions violate this specific provision and constitute harassing, oppressive, or abusive conduct, disregarding the regulatory measures designed to protect consumers.

14. Defendant violated 15 U.S.C 1692c(a)(1) by continuing to send letters to Plaintiff's address after she notified them that this was an inconvenient place for communication.

15. The Plaintiff has sustained concrete and particularized injuries that are both actual and imminent, stemming directly from the Defendant's actions.

16. The defendant's unwanted letter to the Plaintiff's address constitutes a direct invasion of privacy, violating the clear directive against such a place and medium of communication and intruding upon the sanctity of the Plaintiff's personal life.

17. Defendant's persistent disregard for Plaintiff's communication preferences has inflicted significant emotional distress and anxiety upon Plaintiff, with tangible effects on his mental health and well-being.

18. The Plaintiff has incurred a loss of time, including but not limited to time taken to address the unauthorized communications and to mitigate the resulting stress and anxiety, which otherwise would have been devoted to personal or professional pursuits.

19. The injuries above are the direct consequence of the Defendant's conduct. The causal link between Defendant's actions and Plaintiff's injuries is clear, as the injuries explicitly manifested in response to the unauthorized and unwelcome communications initiated by Defendant.

20. A favorable ruling from this court can provide redress for the Plaintiff's injuries.

21. Monetary damages awarded for emotional distress, loss of time, and invasion of privacy can compensate Plaintiff for the tangible and intangible injuries suffered as a direct result of Defendant's actions.

**COUNT I VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692d AND REGULATION F § 1006.14(h)(1) DEFENDANT AMSHER COLLECTION SERVICES, INC.**

22. All preceding paragraphs are realleged.

23. Defendant violated 15 USC §1692d and Regulation F § 1006.14(h)(1) by engaging in abusive, harassing, and oppressive conduct.

24. To establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2nd Cir. 2010); Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 774 (7th Cir.2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

25. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer, 'the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." See Lee v. Credit Mgmt., LP, 846 F. Supp: 2d 716, 721 (S.D. Tex. 2012).

26. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

27. Despite Plaintiff's explicit instruction to Defendant that the only convenient method of communication was through email, Defendant continued to send letters to Plaintiff. This action, which directly contravened Plaintiff's stated preferences, constitutes harassment and abuse under the FDCPA and Regulation F § 1006.14(h)(1), as it shows a willful disregard for Plaintiff's privacy and convenience.

COMPLAINT FOR A CIVIL CASE - 7

28. Defendant violations of 15 USC §1692d and Regulation F § 1006.14(h)(1) caused Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

29. As a result of Defendant's violations of the Fair Debt Collection Practices Act and Regulation F, Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k(a)(1) and 15 U.S.C § 1692k(a)(2)(A).

### COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692c(a)(1) DEFENDANT AMSHER COLLECTION SERVICES, INC.

30. All preceding paragraphs are realleged.

31. Defendant communicated with Plaintiff at an unusual time or place, and a time or place known, or which should be known to be inconvenient to Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1) and Regulation F.

32. Specifically, Plaintiff informed Defendant that the only convenient mode of communication was through email. Despite this clear communication, Defendant continued to send unwanted letters to Plaintiff's address, which was expressly stated as inconvenient. Defendant's actions demonstrate a willful disregard for Plaintiff's communication preferences by contacting Plaintiff at an inconvenient place, in direct violation of 15 U.S.C. § 1692c(a)(1).

33. Defendant's violations of 15 USC §1692c(a)(1) caused Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

COMPLAINT FOR A CIVIL CASE - 8

34. As a result of the Defendant's violations of the Fair Debt Collection Practices Act and Regulation F, the Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k(a)(1) and 15 U.S.C § 1692k(a)(2)(A).

### COUNT III VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692f DEFENDANT AMSHER COLLECTION SERVICES, INC.

35. All preceding paragraphs are realleged.

36. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, violating 15 U.S.C. § 1692f.

37. Despite being expressly informed by Plaintiff that all communications should exclusively occur via email, Defendant disregarded these explicit instructions and continued sending letters to Plaintiff's address. This action disregards the Plaintiff's reasonable request and preferences, constituting an unfair practice under 15 U.S.C. § 1692f.

38. Defendant's violations of 15 USC §1692f caused Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

39. As a result of Defendant's violations of the Fair Debt Collection Practices Act, Defendant is liable for actual and statutory damages under 15 U.S.C § 1692k(a)(1) and 15 U.S.C § 1692k(a)(2)(A).

### JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff against Defendant for:

(A) Actual damages under 15 U.S.C. § 1692k(a)(1).

(B) Statutory damages pursuant to 15 U.S.C 1692k(a)(2)(A);

(C) Costs and reasonable attorney's fees under 15 U.S.C 1692k(3);

(D) For other legal and equitable relief as the Court deems appropriate.

Respectfully submitted:

/s/ Elliot Elo
Elliot M. Elo, Esq. PLLC
42 West 48th Street
2nd Floor
New York, NY, 10036
(212) 302-1257 (telephone)
ElliotEloEsq@aol.com (email)

Date: July 25, 2024